**CLD-047**  **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 15-2405

———————

ANTHONY BODNAR,
                                        Appellant

v.

WARDEN FORT DIX FCI

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 1-15-cv-02013)
District Judge:  Honorable Renee M. Bumb

———————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2015

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  November 18, 2015)

———————

OPINION[*]

———————

PER CURIAM

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Bodnar, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

In 2009, Bodnar was convicted in the United States District Court for the Eastern District of Virginia of receipt and possession of child pornography. He was sentenced to an aggregate term of 168 months in prison. Bodnar did not file a direct appeal. In 2011, Bodnar filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion on the merits. The United States Court of Appeals for the Fourth Circuit denied Bodnar's request for a certificate of appealability.

In 2015, Bodnar filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District of New Jersey. Bodnar claimed that a Magistrate Judge presided over his plea hearing in violation of the Federal Magistrates Act, 28 U.S.C. § 636(b). The District Court ruled that Bodnar's claim is not cognizable under § 2241 and dismissed the petition for lack of jurisdiction. The District Court noted that § 2255's savings clause, which allows a prisoner to pursue a claim under § 2241 where the remedy under § 2255 is "inadequate or ineffective," did not apply. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam).

As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are

the presumptive means by which federal prisoners can challenge their convictions or sentences. . . ." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas petition raising such a challenge under § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. We have stated that a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.

We have applied this savings clause only in the unusual case where a petitioner had no prior opportunity to challenge a conviction for a crime that an intervening change in substantive law might have negated. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). This is not the case here. Bodnar does not claim that he is factually or legally innocent based on new authority. Rather, he relies on a recent appellate decision to support his claim of a statutory violation regarding the procedure used in his case. As Bodnar recognizes, he is unable to satisfy the requirements for filing a second or successive § 2255 motion. However, he may not invoke § 2241 merely because he is unable to file such a motion. Id.

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.